**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-31041**
**Summary Calendar**
_____

**THOMAS MEDFORD,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Acting Warden, Louisiana State**
**Penitentiary; RICHARD P. IEYOUB, Attorney**
**General, State of Louisiana,**

**Respondents-Appellees.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(CA-95-1859-T)**
_____

March 17, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Thomas Medford, *pro se*, appeals the dismissal, without prejudice, of his habeas petition. We **AFFIRM**.

I.

Medford, convicted of first-degree murder in 1985, is serving a life sentence in the Louisiana State Penitentiary. While his appeal from the denial of his second application for post-

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conviction relief was pending before the Louisiana Supreme Court, he sought federal habeas relief.  The district court dismissed his petition for failure to exhaust state remedies.

## II.

A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "The exhaustion requirement is excused only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (internal quotation marks and citation omitted).

Medford contends that the exhaustion requirement should be excused because (1) the Louisiana Supreme Court recently denied relief to an applicant raising a claim identical to his; (2) the Louisiana Supreme Court, in violation of the equal protection clause, is claimed to have unfairly delayed ruling on his application because he was proceeding *pro se*; and (3) a miscarriage of justice will result because he is innocent of first-degree murder.

Medford has not demonstrated that the circumstances of his case justify an exception to the exhaustion requirement. His claim of futility is without merit because, after the district court dismissed his habeas petition, the Louisiana Supreme Court granted his writ application and ordered a hearing to determine whether his

claim falls within an exception to the three-year time limit for filing applications for post-conviction relief. His delay claim is meritless because his claim had been pending in the Louisiana Supreme Court for only nine months at the time the magistrate judge considered that contention. Finally, our court has not recognized a claim of innocence as an exceptional circumstance warranting an exception to the exhaustion requirement. *See Deters*, 895 F.2d at 795 & n.16.

In his reply brief, Medford contends that he has technically exhausted his state remedies because the Louisiana appellate courts have held that he does not have any state remedies available, based on the state appellate court's refusal to consider his petitions because they were filed beyond the three-year limitations period. We do not consider issues raised for the first time in a reply brief. *E.g.*, *United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995). In any event, the Louisiana Supreme Court's grant of partial relief to Medford demonstrates that this claim is meritless.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED**.[1]

---

[1] Medford's motion to hold his appeal in abeyance to give the state court "a fair opportunity to correct the state courts' discriminating practices" is **DENIED**.